# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-08-00712-CR
## NO. 03-08-00713-CR
---

**Genaro Fonseca Costilla, Appellant**

**v.**

**The State of Texas, Appellee**

---
### FROM COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
### NOS. 2C07-10637 & 2C08-06708, HONORABLE JOHN MISCHTIAN, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

A jury found appellant Genaro Fonseca Costilla guilty of driving while intoxicated and failing to stop and give information after colliding with an unattended vehicle. *See* Tex. Penal Code Ann. § 49.04(a) (West 2003); Tex. Transp. Code Ann. § 550.024 (West 1999). The trial court sentenced him to 180 days jail confinement for each offense and assessed a total fine of $1,500. Costilla complains that the trial court erred in making certain evidentiary rulings and that insufficient evidence supports the convictions. We affirm the judgment of the trial court.

About 2:40 a.m. on November 11, 2007, police responded to a report of a hit-and-run accident at 1802 Ridgeway, Temple, Texas. The reporting witness testified that she had heard a loud crash outside her home and observed from her window that a full-sized black pickup truck had collided with a parked Volkswagen Beetle. She called 911, dressed, and went outside, where she observed a white line on the road, later determined to be a gouge mark resulting from a part of

the truck dragging on the ground, leading away from the wreckage. The witness got into her car and followed the white line. She found and observed the black pickup truck, which was producing sparks as it drove. At one point, the witness pulled up next to the pickup truck at an intersection and saw that a male was driving. Eventually, she followed the pickup truck around the neighborhood to a residence on Laurel Ridge.

About ten minutes after the witness observed the wreck, Sergeant Brad Hunt arrived at the site of the wreck. He examined the wreckage and found that parts of the black pickup truck, including a tire, the wheel and hub inside the tire, and pieces of the suspension, were still located at the site of the wreck. He then followed the white line to 8720 Laurel Ridge, later determined to be Costilla's residence, and discovered the wrecked pickup truck parked in the driveway. The pickup truck was missing a tire, a wheel and hub, and pieces of the suspension. Hunt also found Costilla sitting on the ground next to the pickup truck trying to operate a hydraulic jack underneath the pickup truck. According to Hunt, even though there was no wheel to put the spare tire on, Costilla appeared to be attempting to replace the tire.

Hunt knocked on the door of the residence at 8720 Laurel Ridge. Costilla's wife answered. She identified Costilla as her husband, told Hunt that she had not seen Costilla all day, and expressed surprise that the truck had been wrecked.

When Hunt first attempted to question Costilla, Costilla stared at Hunt blankly and gave no response. Hunt observed that Costilla "had very lethargic motions, very heavy-lidded eyes,

2

and . . . just seemed like he could not speak." Hunt also observed a strong odor of alcohol on Costilla. Hunt then arrested Costilla for public intoxication.[1]

Hunt searched Costilla and placed him in the vehicle of Corporal Asher Schuler, who had arrived on the scene during Hunt's investigation. Schuler then read Costilla his *Miranda* rights. Costilla apparently answered some questions, but refused to admit to driving the truck. After Costilla was taken to the police station, police read Costilla his *Miranda* rights a second time, after which Costilla expressly refused to waive them. A short while later, police read Costilla his rights a third time. Costilla made no response at first, but then agreed to answer "a few questions." Following further questioning, Costilla admitted to having driven the pickup truck.

Costilla was charged by information with driving while intoxicated and failing to stop and give information after colliding with an unattended vehicle. *See* Tex. Penal Code Ann. § 49.04(a); Tex. Transp. Code Ann. § 550.024. A jury found Costilla guilty as charged, and the trial court sentenced Costilla to confinement in jail for 180 days for each offense and assessed a total fine of $1,500.

In his first and second issues, Costilla argues that the trial court erred in denying his motion to suppress evidence obtained after he had invoked his right to remain silent. Costilla disputes the State's contention that he admitted to driving the pickup truck after affirmatively waiving his right to remain silent. In the absence of this admission, Costilla argues, there is insufficient evidence to show that he was driving the truck.

---

[1] At trial, the parties disputed whether Costilla's driveway was a public place, but Costilla does not raise this issue on appeal.

The evidence shows that, as Costilla contends, officers did, indeed, obtain the admission in question after Costilla had initially refused to waive his *Miranda* rights. After a first reading, Costilla had apparently answered some questions, but did not admit to driving the truck. After a second reading, Costilla refused to waive his *Miranda* rights. A few minutes after that, an officer told Costilla that he would read Costilla's *Miranda* rights again. Following this third reading, after which Costilla said nothing, the officer asked Costilla if he could ask him a few questions. It was during this questioning that Costilla admitted to driving the truck. Given that officers pursued this admission—and that the admission was made—after Costilla had unambiguously invoked his right to remain silent, the evidence was improperly admitted at trial. *See Dowthitt v. State*, 931 S.W.2d 244, 257 (Tex. Crim. App. 1996) (failure to cut off questioning after a suspect unambiguously invokes his right to remain silent violates his rights and renders any subsequently obtained statements inadmissible). We sustain Costilla's first issue.

Even in the absence of Costilla's admission, however, sufficient evidence shows that Costilla was driving the pickup truck. In reviewing a legal sufficiency challenge, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. *Salinas v. State*, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005). The jury, as the trier of fact, "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The jury may choose to believe or disbelieve any portion of the testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). The jury may also draw reasonable inferences from basic facts to ultimate facts. *Clewis v. State*, 922 S.W.2d 126, 133

(Tex. Crim. App. 1996). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

In evaluating the factual sufficiency of the evidence, we view all the evidence in a neutral light and will set aside the verdict only if we are able to say, with some objective basis in the record, that the conviction is clearly wrong or manifestly unjust because the great weight and preponderance of the evidence contradicts the jury's verdict. *Watson v. State*, 204 S.W.3d 404, 414-17 (Tex. Crim. App. 2006). We cannot conclude that a conflict in the evidence justifies a new trial simply because we disagree with the jury's resolution of that conflict, and we do not intrude upon the fact-finder's role as the sole judge of the weight and credibility of witness testimony. *See id.* at 417; *Fuentes*, 991 S.W.2d at 271. The fact-finder may choose to believe all, some, or none of the testimony presented. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *Bargas v. State*, 252 S.W.3d 876, 888 (Tex. App.—Houston [14th Dist.] 2008, no pet.). In our review, we discuss the evidence that, according to appellant, undermines the jury's verdict. *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

The evidence shows that a witness heard the collision around 2:40 a.m. She observed that a black pickup truck had hit a parked car. After getting dressed, she returned to the scene of the accident, but the pickup truck was gone. She got in her car and followed the gouge marks left by the pickup truck and, eventually catching up to the truck, noticed sparks caused by a part of the truck scraping the pavement. When the witness pulled up next to the pickup truck at an intersection, she observed that there was a man driving.

5

A few minutes later, police arrived. They spoke with the witness and followed the gouge marks to Costilla's driveway, where they located the black pickup truck with damage to its front and missing a wheel, tire, and pieces of the suspension. Costilla was sitting alone in the driveway attempting to put the wheel or tire back on. He was intoxicated. Police then knocked on the door to the residence. Costilla's wife answered the door, identified Costilla as her husband, told police that she had not seen him all day, and expressed surprise that the pickup truck had been wrecked.

Although there was no direct testimony that Costilla was driving, the evidence was sufficient for the jury to conclude that he was. Within about a fifteen-minute time period, the reporting witness observed the collision and followed the visible white trail leading from the wreckage to the residence where Costilla was eventually found. Along the way, she saw that it was a man who was driving the truck. When police arrived, they observed Costilla sitting alone next to the truck attempting to repair the wheel. Costilla's wife identified him as her husband, said she had not seen him all day, and expressed surprise that the pickup truck had been wrecked. From this evidence, the jury could have found beyond a reasonable doubt that Costilla was, in fact, driving the pickup truck when it was wrecked. *See, e.g.*, *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004) (in conducting a sufficiency review, courts consider both direct and circumstantial evidence; circumstantial evidence alone may establish guilt). Costilla points us to no contradictory evidence. Accordingly, we overrule Costilla's second issue.

In his third issue, Costilla argues that the trial court abused its discretion by admitting evidence showing his refusal to give a breath sample. Costilla refused both orally and in writing to

give a breath sample, but the written refusal was given on an incorrect form—DIC Form 54 rather than DIC Form 24.[2] Therefore, Costilla argues, that evidence that he refused to give a breath sample was improperly admitted.

Evidence of Costilla's refusal was admitted in two forms at trial: by means of a video and by means of officer testimony. The video shows Corporal Schuler reading the correct statutory warning for refusing to give a breath sample—the warning for operators of non-commercial vehicles—and also shows that, when Costilla signed the form, he believed that he was signing the correct form, on which he acknowledged his refusal to give a breath sample. In addition, evidence was admitted through the testimony of Officer Steven Regula that Costilla refused to give a breath sample. Also admitted, consistent with Regula's testimony, was a form generated by the intoxilyzer instrument and signed by Regula, the administering officer, showing that Costilla refused to give a breath sample. The DIC Forms 54 and 55, the forms that were mistakenly given to Costilla to sign, were, likewise, admitted into evidence.

As to the two pieces of evidence—the video and the officer testimony—that show that Costilla refused to give a breath sample, no objection was made at trial. Thus, the evidence that actually shows Costilla's refusal to give a breath sample was admitted without objection, and Costilla has waived this issue on appeal. *See* Tex. R. App. P. 33.1. Morever, even if Costilla had objected at trial, he cannot show that he was harmed by the admission of the evidence. The record shows that Costilla was properly admonished according to the non-commercial vehicle operator form

---

[2] DIC Form 54 applies to operators of commercial vehicles, while DIC Form 24 applies to operators of non-commercial vehicles.

and signed the form that he believed he had just been read. The evidence, thus, shows that Costilla was given and acknowledged the proper warning, as required by the transportation code. *See* Tex. Transp. Code Ann. § 724.015 (West Supp. 2009), § 724.031 (West 1999), § 724.032 (West Supp. 2009). We overrule Costilla's third issue.

We affirm the judgment of conviction.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   April 23, 2010

Do Not Publish